# UNITED STATES EX REL. CHAMPION LUMBER COMPANY *v.* FISHER.

### PUBLIC LANDS; MANDAMUS.

Whether letters from a special agent of the General Land Office to the Commissioner, asking that patents be withheld for lands embraced in certain entries pending a further investigation and report, on the ground of suspected fraud, followed by an order suspending action on all such entries until further order, constitute a "pending contest or protest" against the validity of the entries, within the meaning of the act of Congress of March 3, 1891 (26 Stat. at L. 1099, chap. 561, U. S. Comp. Stat. 1901, p. 1521), providing that after the lapse of two years from the issuance of a receiver's receipt upon a final entry, "when there shall be no pending contest or protest against the validity of such entry," the entryman shall be entitled to a patent,— is a question within the jurisdiction of the Secretary of the Interior to determine, on application by such entrymen for a patent after the expiration of the period of two years; and on the Secretary's refusal to issue a patent to one of such entrymen, mandamus will not lie to compel its issuance.   (Following *Fisher* v. *United States*, 37 App. D. C. 436; *United States ex rel. Ness* v. *Fisher*, 223 U. S. 683, 56 L. ed. 610, 32 Sup. Ct. Rep. 356, affirming 33 App. D. C. 302; *United States ex rel. McKenzie* v. *Fisher*, *ante*, 7.)

No. 2410.   Submitted October 7, 1912.   Decided November 4, 1912.

HEARING on an appeal by the relator in a mandamus proceed-

ing, from a judgment of the Supreme Court of the District of Columbia dismissing appellant's petition for a writ of mandamus to compel appellees to issue a patent to the relator for certain public land.                    *Affirmed.*

The COURT in the opinion stated the facts as follows:

This appeal involves a judgment in the supreme court of the District, dismissing the petition of appellant for mandamus to compel the appellees, the Secretary of the Interior and the Commissioner of the General Land Office, to issue a patent to certain land of the United States.

From the agreed statement of facts, upon which the case was heard, it appears that upon September 17, 1897, one Lucy Johns regularly made entry under the homestead laws of the United States at the land office at Jackson, Mississippi, of the land in question. On September 16, 1902, she made a regular prima facie showing of compliance with the requirements of the homestead laws respecting said entry, and on September 24, following, final certificate was issued to her. On January 15, 1903, she conveyed all her interest in said entry to the Champion Lumber Company, of Michigan, which company, on March 8, 1906, conveyed to one Edward Hines, who, on April 20, 1908, conveyed to appellant. The patent to the land embraced in said entry has never been issued.

On November 19, 1902, Albert Hammer, a special agent of the General Land Office who was assigned to duty in Mississippi, addressed a communication to the Commissioner of the Land Office in which he stated that he had "all reasons to believe 90 per cent of proofs made" in the territory embracing the entry in question were fraudulent, and that he then had under investigation certain designated entries, including the one in question. In this communication the Commissioner was requested to have all patents withheld until full report on the investigation could be made. On November 28, 1902, special agent Hammer again addressed a communication to the Commissioner, stating that he had "made investigations in

a part of said cases, and found in each and every one examined the most flagrant of frauds," and, further, that to complete the investigation would require considerable time. This communication also requested "that each and every patent to lands" described in the communication of November 19 be withheld pending further investigation and report. On June 18, 1904, the Commissioner wrote special agent Hammer, directing attention to said communication of November 19, 1902, and to the request therein contained that patents be withheld. The letter further stated that no report had been received in certain specified cases, including the one in question, and directed that a report be made "whether or not, in your opinion, an investigation is necessary in said cases." To this letter Hammer responded on June 24, 1904, stating in effect that in his opinion further investigation was necessary.

On May 12, 1906, another special agent of the Land Office, who had meanwhile investigated the Lucy Johns entry, reported to said office "that the entry was made for speculative purposes, with no attempt to comply with the requirements of the law, and recommended that the entry be canceled on the ground of nonresidence, noncultivation, nonimprovements, and abandonment." Following this communication, a hearing was directed to be held to determine the truth of the charges contained in the report. Appellant thereupon moved for a stay of proceedings upon the ground that there was "no pending contest or protest against the validity of such entry," within two years from the date of the issuance of said final certificate, within the meaning of the act of March 3, 1891 (26 Stat. at L. 1095, chap. 561, U. S. Comp. Stat. 1901, p. 1535). This motion was denied by the Commissioner, and the decision affirmed by the Secretary of the Interior. Later the Secretary denied a motion for a review of his decision, finding upon the facts set forth "that a protest had been filed against the patenting of Lucy Johns' homestead entry within two years from the date of the issuance of the receiver's receipt upon the final entry of this tract, and holding that the case should proceed

to hearing on the special agent's charge." Thereupon the petition herein was filed, with result above noted.

*Mr. Patrick H. Loughran* for the appellant.

*Mr. Charles W. Cobb, Mr. F. W. Clements,* and *Mr. C. Edward Wright* for appellees.

Mr. Justice ROBB delivered the opinion of the Court:

Every point advanced by appellant in this case is, in our view, settled by the following very recent decisions: *Fisher* v. *United States,* 37 App. D. C. 436; *United States ex rel. Ness* v. *Fisher,* 223 U. S. 683, 56 L. ed. 610, 32 Sup. Ct. Rep. 356; *United States ex rel. McKenzie* v. *Fisher, ante,* 7. In *Fisher* v. *United States,* which involved the interpretation of the very statute upon which appellant here relies, this court, speaking through Mr. Justice Van Orsdel, said: "While it is true that arbitrary power resides nowhere in our system of government, and while the supervisory authority vested in the Secretary of the Interior and the Commissioner of the General Land Office over the disposition of the public lands is neither unlimited nor arbitrary, yet the question here presented as to whether or not the communication and order amounted to a protest, which we regard as exceedingly close, was one clearly within the power of the Commissioner to decide. To say that he was mistaken would require us to review a matter exclusively confided by law to his discretion and judgment. This proceeding will not admit of such a review."

The communications of special agent Hammer respecting this entry were made within the two years contemplated by said act of March 3, 1891, as was the communication of June 18, 1894, from the Commissioner to said agent. It is apparent that these communications resulted in the withholding of a patent; in other words, that the Commissioner regarded the right to that patent as dependent upon the outcome of the investigation which was to ensue. The subsequent decision of

the Secretary, that what was done within the two-year period constituted a protest against the patenting of the entry, was not arbitrary or capricious, but was based· upon evidence; and the sufficiency of that evidence was for his, and not our, determination.

Upon the authority of the above cases, therefore, the judgment will be affirmed, with costs.                    *Affirmed.*

On November 16, 1912, the appellant applied for the allowance of a writ of error from the Supreme Court of the United States.

The application was denied November 18, 1912, Mr. Chief Justice SHEPARD delivering the opinion of the Court:

On consideration of the motion for the allowance of a writ of error to remove the above-entitled cause to the Supreme Court of the United States, it is by the court this day ordered that said motion be, and the same is hereby, denied, on the authority of *U. S. ex rel. Red River Lumber Co.* v. *Fisher, post,* 186.